[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13018
Non-Argument Calendar

_____

D. C. Docket No. 03-00031-CR-HL-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY RANDY DUNCAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 4, 2005)

Before ANDERSON,  BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Anthony Randy Duncan appeals his jury conviction for possession of a

firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Duncan argues that the government's evidence was insufficient to prove beyond a reasonable doubt that he was guilty of the offense.

## I. Facts and Procedural Background

On the afternoon June 6, 2003, Lowndes County Sheriff's Deputy Jimmy Royals and three other officers were seated in an unmarked police car that was stopped behind two other cars at an intersection. Deputy Royals saw Anthony Duncan approaching the intersection on foot. When Duncan recognized the officers, whom he knew, he looked surprised, turned around, walked quickly in the opposite direction, rounded a corner, and disappeared from view. The officers immediately pulled their car onto the sidewalk, drove to the intersection, and saw Duncan some 100 feet away on the other side of the street.[1]

When the officers caught up with Duncan, they noticed that his demeanor had changed. While he had appeared nervous upon first seeing the officers, he was now relaxed and smiling. Thinking that Duncan might have disposed of contraband, Deputy Royal retraced what he believed to be Duncan's path. While so doing, Deputy Royal found a .25 caliber Lorcin pistol lying on the ground about 50 feet from the intersection where he had initially spotted Duncan. Scuff marks on the ground

---

[1]From the distance that he traveled in the few seconds he was out of their sight, the officers surmised that Duncan must have been running.

indicated that the gun may have been tossed to its location, and the gun was dry despite the fact that the surrounding area was wet from the day's intermittent rain. Fingerprint testing revealed a print matching that of Duncan's right thumb on the pistol grip.

A convicted felon, Duncan was subsequently indicted for being in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). At trial, Deputy Royals admitted that the area where he found the pistol was a high-traffic residential and business area and that he did not see Duncan holding or disposing of the pistol. He further testified that he was not sure which side of the street Duncan had walked down and that Duncan could have gone down the opposite side of the street from where the gun was found. Finally, Deputy Royal admitted that he did not attempt to locate additional evidence of the gun's ownership by obtaining a search warrant for Duncan's home.

Duncan presented no evidence at trial. At the close of the government's case, he moved for judgment of acquittal on the ground that the government had failed to establish actual or constructive possession of the pistol. He argued that, at best, the government had made a tenuous circumstantial case for constructive possession. The government argued that it had established actual possession by presenting circumstantial evidence that Duncan possessed the pistol when he approached the

intersection and disposed of it while out of the officers' sight. The district court denied Duncan's motion, holding that Duncan's fingerprint on the pistol, when combined with the other circumstances of the encounter, constituted enough circumstantial evidence for a jury to infer possession. The jury found Duncan guilty, and he was sentenced to 100 months of imprisonment.

## II. Discussion

On appeal, Duncan argues that the government failed to prove actual or constructive possession and that the district court should have granted his motion for judgement of acquittal. We review *de novo* the disposition of a defendant's motion for judgment of acquittal. *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001). To uphold the denial of such a motion, we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. *Id.* In so doing, we view all facts and draw all inferences in the light most favorable to the government. *Id.*

The government can satisfy the possession inquiry by establishing that Duncan actually or constructively possessed the pistol. *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). Actual possession requires proof that the defendant had physical possession of or personal dominion over the thing allegedly possessed. *Id.* Constructive possession, on the other hand, requires proof that the defendant had

4

ownership, dominion, or control over the object itself or dominion or control over the premises where the object was located. *Id.* In this case, Duncan argues that the government failed to establish actual or constructive possession, but he focuses his argument on the latter. The government argues that it presented circumstantial evidence sufficient to support a jury finding of actual possession.

After careful review of the record, we hold that the evidence in this case was sufficient to allow a reasonable fact-finder to conclude beyond a reasonable doubt that Duncan actually possessed the pistol. Duncan responded suspiciously upon recognizing police officers, apparently ran once out of the officers' sight, and changed his demeanor upon being apprehended. He was in close proximity to a gun that bore his fingerprint and appeared to have been recently tossed onto the ground. Considered together, these facts make a strong circumstantial case that Duncan physically possessed the pistol when first spotted by the officers. Because we find no reversible error, Duncan's conviction is

**AFFIRMED.**